527 P.2d 1264

**Helen D. GARNER, individually, and Helen D. Garner as Trustee of a trust for the benefit of Helen D. Garner and Florence Hitchcock, Plaintiffs-Appellants,**

v.

**Lucille Dolores ANDREASEN, et al., Defendants-Respondents.**

**No. 11516**

Supreme Court of Idaho.

Oct. 23, 1974.

Rehearing Denied Nov. 26, 1974.

---

Webb, Pike, Burton & Carlson, Twin Falls, for plaintiffs-appellants.

Lucille Dolores Andreasen, pro se.

Joseph G. Andreasen, pro se.

SHEPARD, Chief Justice.

This action involves the disputed ownership of certain real property in Camas County, Idaho. This appeal is from that portion of the judgment in the lower court wherein it declared that a portion of the property was to be held in trust by the defendant-respondent herein for the benefit of her mother. We affirm.

The facts pertinent to this decision are as follows. In 1949, H. G. Hitchcock and

**308**

one M. H. Tilley contracted to purchase certain real property in Camas County from the State of Idaho. The Tilley interest, consisting of an undivided one-half interest, was assigned to Ralph Garner, who was the husband of the plaintiff-appellant herein, Helen Garner. In 1955, H. G. Hitchcock and his wife, Florence, assigned their interest in the contract to their daughter, Lucille Dolores Andreasen, defendant-respondent herein. That assignment was, by its terms, absolute, but the lower court found that in fact a type of trust relationship was intended by the assignment for the purpose of protecting certain members of the Hitchcock family. In 1963 Ralph Garner conveyed his undivided one-half interest in the real property contract to his wife, Helen Garner. On February 28, 1966, H. G. and Florence Hitchcock executed a deed which purported to convey a half interest in the real estate contract to Helen Garner. Thereafter Helen Garner procured from the State of Idaho a warranty deed (the contract price having been fully paid) conveying the entire property in fee simple to Helen Garner as her sole and separate property. Thereafter, however, upon the advice of the Attorney General, the State of Idaho in 1970 issued a "corrected deed" purporting to vest an undivided one-half interest in the land in Lucille Andreasen. Helen Garner and Lucille Andreasen are sisters.

In 1971 Helen Garner as an individual and as trustee for the benefit of Florence Hitchcock instituted the instant action to quiet title to the land in Helen Garner. Following trial to the court, judgment was entered vesting legal title to the original Tilley one-half interest in Helen Garner. The remaining interest was vested in Lucille Andreasen as trustee for the benefit of Florence Hitchcock and from that portion of the judgment this appeal was taken. Only the one-half interest vested by the court in Lucille Andreasen as trustee is at issue herein and it is this interest to which the Court speaks when it hereinafter refers to "the property."

The basic issue in this case upon which appellant bases the appeal is alleged error in the lower court's determination that the property is vested in Lucille Andreasen as trustee for the benefit of Florence Hitchcock. Appellant does not deny that H. G. Hitchcock intended in 1955 that the property be placed in trust with Lucille Andreasen as trustee. The essence of appellant's argument is that the trial court erred in determining the efficacy or continued existence of that trust. Respondent Lucille Andreasen contends, on the other hand, that she is the absolute owner of the property.

The trial judge determined in his memorandum opinion:

"Since all parties are in agreement that the 1955 conveyance was not intended as a grant to Dolores Andreasen for her own use and benefit but rather was intended merely as a conveyance of realty to Dolores Andreasen as a trustee for the use and benefit of third parties, I don't think we can accept the assignment at face value. Just who the third parties were may be a matter of speculation. But I am willing to end that speculation by determining that the evidence will support a finding that the Hitchcock 1955 assignment conveyed an undivided one-half interest in the property described to Dolores Andreasen as trustee for the use and benefit of Florence Hitchcock."

 An express trust is created only if the settlor manifests an intention to create a trust. This manifestation of intention requires no particular words or conduct; the settlor simply must evidence his intention, upon transferring the property, or *res*, to the trustee, that the trustee will hold the *res* for the benefit of a third person, the beneficiary. 1 A. W. Scott, The Law of Trusts, §§ 23, 24 (3d Ed. 1967). Here there was clear and convincing evidence of such intention, much of it from the testimony of Lucille Andreasen herself, that will support the finding of the trial

court that H. G. Hitchcock intended to create a trust when he conveyed the subject property to Lucille Andreasen in 1955.

■ Appellant argues that this purported trust must be void for indefiniteness and contends first that there was no adequate designation of beneficiaries. We note that the parties contradict themselves almost as much as they do each other in this regard, but our inspection of the record indicates that H. G. Hitchcock, in creating the trust of this property, desired to provide a measure of financial security for his wife and the minor children then living at home. As the minor children of the family attained their majority and left home, it appears likely that the settlor intended that the benefits of the trust accordingly would be contracted. This is the most logical conclusion to be drawn from the record and it comports with the customary construction of a settlor's declaration of trust for the benefit of his "family". 2 Scott on Trusts, § 120.1.

■ We find no error in the determination of the trial court that in 1972 Florence Hitchcock was the sole beneficiary of the trust. At the time of the institution of this lawsuit and for several years prior thereto only Florence Hitchcock, the settlor's wife, appears to have been living with and dependent upon H. G. Hitchcock. Although not necessary to the resolution of this appeal, we express our reservations as to the correctness of that portion of the district court's judgment purporting to determine and designate the remaindermen under the trust. We find insufficient evidence in the record upon which the trial court could have based this declaration, albeit it was unnecessary to the case.

■ Appellant also argues that the trust was "dry" or passive, i.e., no active duties were imposed upon the trustee. We deem it clear that H. G. Hitchcock's instructions to Lucille Andreasen concerning the management of this property at least by implication created affirmative duties upon her

to manage and preserve the property in such a way that Florence Hitchcock and the minor children would have some measure of continuing financial security. *See* Robertson v. Swayne, 85 Idaho 239, 378 P. 2d 195 (1963).

■ Appellant next contends that the settlor (H. G. Hitchcock) either revoked or modified the trust by deeding the *res* to the appellant in 1966. We reject that contention. We find no competent evidence in the record of any intention that the settlor intended to retain either a power to revoke or a power to modify the trust. Absent such evidence an inference arises that a settlor retains neither a power to revoke nor a power to modify a trust. 4 Scott on Trusts, §§ 330.2, 331.

■ Appellant also argues that a trust may be revoked or modified at any time if the settlor and all the beneficiaries consent thereto. Restatement (Second) of Trusts § 338. We need not reach that question, for the trial court upon the basis of substantial evidence found that the necessary consent to revocation or modification had never been obtained. Appellant contends that revocation or modification of the trust was accomplished by a 1966 warranty deed signed by both H. G. and Florence Hitchcock conveying the property to appellant. Neither that deed nor a copy thereof was introduced in evidence and we have but appellant's testimony as to the existence and content of that document. We deem the cases cited by appellant in this regard to be inapplicable and distinguishable in that in all those cases the consent of the settlor and the beneficiaries of such trusts were unequivocally established. The trial court determined that the said 1966 conveyance was insufficient for effective revocation or modification of the trust. The evidence is sufficient to support that determination when read in the light of the fact that the purported beneficiary of the trust was unable to care for herself and the settlor was an alcoholic who according to appellant's

own testimony would do whatever appellant asked.

■ Appellant next argues that through adverse possession she has established a legal title to the property in question. Suffice it to say that we find no evidence in the record to support that contention. We have examined appellant's remaining assignments of error and find them to be without merit. The judgment of the trial court is affirmed in all particulars except as to its determination of remaindermen under the trust. That portion of the judgment is reversed and its determination must await the institution of appropriate proceedings therefor. Costs to respondent.

DONALDSON, McQUADE and Mc-FADDEN, JJ., concur.

BAKES, J., did not participate.