# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 51721

| | | |
|---|---|---|
| **NICHOLAS RODDY RAMLOW,** | ) | |
| | ) | |
|    **Petitioner-Appellant,** | ) | |
| | ) | |
| **v.** | ) | **Lewiston, April 2025 Term** |
| | ) | |
| **AMANDA MARIE MITCHELL, an** | ) | **Opinion Filed: June 26, 2025** |
| **individual; and MIRIAM MCBENGE, in her** | ) | |
| **official capacity as the Secretary of Bryant** | ) | **Melanie Gagnepain, Clerk** |
| **Elementary of the Coeur d'Alene School** | ) | |
| **District, County of Kootenai, State of Idaho,** | ) | |
| | ) | |
|    **Defendants-Respondents.** | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Richard S. Christensen, District Judge.

The order of the district court is affirmed.

Nicholas Roddy Ramlow, Appellant pro se. Nicholas Roddy Ramlow argued.

Palmer George PLLC, Coeur d'Alene, for Respondent, Amanda Marie Mitchell. Samantha R. Hammond argued.

Anderson Julian & Hull, LLP, Boise, for Respondent, Miriam McBenge. John J. Maas, V argued.

-------------------

MEYER, Justice.

This case stems from a parental dispute over where to enroll a child in school. The father, Nicholas Roddy Ramlow, attempted to enroll the child in the school of Ramlow's choice. When the school secretary, Miriam McBenge, refused to enroll the child without the approval of both parents or a court order, Ramlow filed a petition for declaratory judgment and writ of mandamus to obtain an order that would allow the child to be enrolled at the school. The district court dismissed Ramlow's petition under Idaho Rule of Civil Procedure 12(b)(8) because Ramlow and Amanda Mitchell, the child's mother, had a child custody case pending before the magistrate court. Ramlow argues on appeal that the district court erred when it dismissed his petition. McBenge and Mitchell ask this Court to affirm the district court's decision. For the reasons discussed below, we

1

affirm the district court but remand this case for the district court to enter an amended judgment dismissing the petition without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Ramlow and Mitchell share custody of H.J.M.R., their minor son. The magistrate court has had jurisdiction over the parents' child custody case since 2016, in case number CV-2016-2923 (Kootenai County). On September 16, 2020, the magistrate court entered a temporary order that determined the child "shall continue to attend Kindergarten at Winton Elementary, Coeur d'Alene, Idaho." Following the temporary order, the parents entered into a stipulated child custody agreement, which addressed most of their child custody issues, but was silent as to where the child should be enrolled in school. On April 14, 2021, the parties filed a judgment of modification, which reflected the terms of the agreement.

In July 2021, Mitchell moved from Coeur d'Alene to Pinehurst, Idaho, located in Shoshone County. Mitchell subsequently enrolled the child at Pinehurst Elementary School, outside of the Coeur d'Alene School District. At the time, Ramlow was subject to a no contact order that prohibited him from communicating with Mitchell. As a result, Ramlow did not learn that the child had changed schools until approximately May 2023. When Ramlow learned that the child was no longer enrolled in elementary school in Coeur d'Alene, he moved back to Coeur d'Alene from Montana and attempted to enroll the child in Bryan[1] Elementary School in Coeur d'Alene. Miriam McBenge, then the school secretary for Bryan Elementary School, refused to enroll the child at the school without the consent of both parents or a court order, as the child was already enrolled in school in Pinehurst.

Ramlow filed a petition for declaratory judgment and a writ of mandamus with the district court, in which he sought a declaratory judgment against Mitchell to allow him to unilaterally enroll the child in elementary school in Coeur d'Alene. Ramlow's petition included claims of equitable estoppel and quasi-equitable estoppel against Mitchell, as he contended that Mitchell acted in bad faith when she moved the child to a new elementary school without consulting Ramlow. He argued that Mitchell should be estopped from making further decisions regarding the child's education. He also sought a writ of mandamus that would require McBenge to enroll the

---

[1] Bryan is the correct spelling of the elementary school. It is incorrectly shown as Bryant Elementary in the caption.

child at the elementary school in the Coeur d'Alene School District. Ramlow claimed that McBenge's refusal to enroll his child violated his due process rights.

McBenge filed a motion to dismiss Ramlow's petition under Idaho Rule of Civil Procedure 12(b)(8). She argued that Ramlow's petition should be dismissed because the magistrate court exercised continuing jurisdiction over child custody matters and the main issue in the case was where the child was to be enrolled in school. Alternatively, McBenge asked the district court to consolidate Ramlow's petition with the child custody case or enter a stay until the magistrate court addressed where the child would be enrolled in school. Mitchell joined in McBenge's motion.

Ramlow opposed the motion because he contended that dismissal under Rule 12(b)(8) was inappropriate when McBenge was not a party to his child custody case. He also argued that the cases should not be consolidated because they involved different legal issues and were based on a different set of operative facts. Ramlow maintained that the magistrate court did not have original jurisdiction to issue a writ of mandamus, nor could it determine the entire controversy, which is one of the court's considerations in determining whether to dismiss a case under Rule 12(b)(8). With respect to McBenge's refusal to enroll the child in school without the consent of both parents, Ramlow argued that the decision to enroll the child in school in Coeur d'Alene could be considered "shared" because Mitchell had "abstained from casting a vote after she was provided a meaningful opportunity to participate in the decision to transfer the minor child[.]" In other words, Ramlow contends that because Mitchell refused to engage with his demands that she agree to enroll their child in the Coeur d'Alene School District, her refusal is akin to a default, making Ramlow the decisionmaker with respect to the child's education.

The district court dismissed Ramlow's petition with prejudice. It explained that the "ultimate issue in this case is where the child is going to be enrolled in school." The district court took judicial notice of records in case number CV-2016-2923, including the temporary order, the judgment of modification, Ramlow's second amended motion for contempt in that case, and a scheduling order. It explained that a decision to dismiss a case under Rule 12(b)(8) is discretionary and that it was dismissing Ramlow's petition because, although the court was not barred from deciding the case, it "should nevertheless refrain from deciding it." (Quoting *Klaue v. Hern*, 133 Idaho 437, 440, 988 P.2d 211, 214 (1999).) The district court explained that "it is more appropriate for this matter to be heard by the magistrate court" given its continuing jurisdiction over child custody matters.

Ramlow filed a motion for reconsideration under Rule 11.2(b), asking the district court to vacate its decision to dismiss his petition with prejudice. Ramlow argued that the district court applied the wrong standard under *Klaue* and that the court incorrectly identified the central issue in the case as where the child would be enrolled in school. Ramlow also objected to the district court's allusion to "forum shopping" with respect to Ramlow's decision to file a petition with the district court as opposed to bringing this matter before the magistrate court. McBenge and Mitchell opposed the motion for reconsideration.

The district court denied Ramlow's motion for reconsideration in most respects. It did reverse its determination to dismiss the case *with* prejudice:

> [Ramlow] also asked the [c]ourt to amend the dismissal to be without prejudice. The [c]ourt, upon further reflection, finds that [Ramlow] should not be precluded from bringing an action against the respondent McBenge (in her official capacity) in the event the minor child of [Ramlow] and Respondent Mitchell comes to reside in the district boundaries of Bryant [sic] Elementary School, and there is a corresponding action by the Coeur d'Alene School District to deny the minor child's enrollment at Bryant [sic] Elementary.

Despite that ruling, no amended judgment was issued to reflect the district court's intent to dismiss the petition *without* prejudice.

McBenge and Mitchell sought an award of attorney fees below under Idaho Code section 12-121. The district court declined to award attorney fees to Mitchell and McBenge under Idaho Code section 12-121, finding that Ramlow's motion for reconsideration was not "wholly frivolous, unreasonable, or without foundation" because Ramlow "raised the legitimate issue of the erroneous citation in [the court's] previous Order of Dismissal[.]" The district court noted that Ramlow's arguments related to whether the dismissal should be without prejudice were not frivolous.

On appeal, Ramlow argues that the district court abused its discretion when it dismissed his petition and request for a writ of mandamus. In his reply brief, and at oral argument, Ramlow confirmed that he withdrew his request for a writ of mandamus, conceding that a writ was not an appropriate remedy in this case. Mitchell contends that the district court did not err and seeks an award of attorney fees on appeal under Idaho Code section 12-121. McBenge also argues that this Court should affirm the district court's decision because the magistrate court had continuing jurisdiction through Ramlow and Mitchell's child custody case.

4

"A district court's decision to exercise jurisdiction and proceed with an action even though a similar action is pending in another court is reviewed for abuse of discretion." *Slavens v. Slavens*, 161 Idaho 198, 201, 384 P.3d 962, 965 (2016) (citation omitted). A district court does not abuse its discretion so long as the district court: "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

### III.    ANALYSIS

We note that Ramlow indicated in his reply brief that he was withdrawing his appeal with respect to his request for a writ of mandamus, conceding that a writ was not appropriate in this case because he has an adequate remedy under 42 United States Code section 1983. Ramlow confirmed at oral argument before this Court that he was no longer appealing that issue, which was the only claim against McBenge on appeal. Thus, we affirm the district court's dismissal of Ramlow's request for a writ of mandamus on the basis that Ramlow is no longer challenging that part of the district court's order. *See State v. Tower*, 170 Idaho 272, 277, 510 P.3d 625, 630 (2022) ("[W]ithout a challenge to the district court's order, we will uphold the decision on the unchallenged basis."). As a result, the only remaining issue on appeal is whether the district court erred when it dismissed Ramlow's petition with respect to Mitchell under Idaho Rule of Civil Procedure 12(b)(8). For the reasons discussed below, we hold that the district court properly exercised its discretion when it dismissed Ramlow's petition against Mitchell.

**A. The district court did not err when it dismissed Ramlow's petition under Idaho Rule of Civil Procedure 12(b)(8).**

The district court dismissed Ramlow's petition under Idaho Rule of Civil Procedure 12(b)(8) on the basis that "the ultimate issue in this case is where the child is going to be enrolled in school." It took judicial notice of records in Ramlow's child custody case, case no. CV-2016-2923, including the expired temporary order that indicated the child was to be enrolled in kindergarten at Winton Elementary in the Coeur d'Alene School District; and the judgment of modification, which was silent as to where the child was to be enrolled in school. The district court noted that its decision to dismiss Ramlow's petition was within its discretion, and it indicated it had applied the second test from *Klaue v. Hern*, 133 Idaho 437, 440, 988 P.2d 211, 214 (1999)

(explaining tests the trial court may apply when deciding whether to grant a motion to dismiss under Rule 12(b)(8)).

On appeal, Ramlow argues that the district court abused its discretion by dismissing his petition because it perceived the residence of the child to be a controlling factor in making its determination, and it acted outside of the bounds of its discretion by inconsistently applying legal standards to Ramlow's case. Mitchell counters that the district court properly exercised its discretion when it dismissed the petition because the question of where the child will be enrolled in school can be addressed by the magistrate court in case no. CV-2016-2923. In his reply brief, Ramlow contends that "the ultimate issue is not *where* the child will go to school" because "a genuine dispute over school choice does not exist" related to his argument that Mitchell gave up her right to dispute school choice by not engaging in his demands that the child be enrolled in the Coeur d'Alene School District. Ramlow's reply brief discusses parental rights with respect to decisions related to childhood education at length; however, he does not fully articulate how the district court's decision was an abuse of discretion with respect to his claims against Mitchell.

Under Idaho Rule of Civil Procedure 12(b)(8), a party may move to dismiss a case when "another action [is] pending between the same parties for the same cause." I.R.C.P. 12(b)(8). This Court has articulated two tests in *Klaue* to assist the trial court in determining whether dismissal under Rule 12(b)(8) is appropriate. "The first test applies when 'the other case has gone to judgment, in which event the doctrines of claim preclusion and issue preclusion may bar additional litigation.'" *Slavens v. Slavens*, 161 Idaho 198, 202, 384 P.3d 962, 966 (2016) (quoting *Klaue*, 133 Idaho at 440, 988 P.2d at 214). "The second test applies when a district court, 'although not barred from deciding the case, should nevertheless refrain from deciding it.'" *Id.* (quoting *Klaue*, 133 Idaho at 440, 988 P.2d at 214). In *Slavens*, we outlined three additional factors for the district court to consider when determining whether dismissal is proper:

> In deciding whether to exercise jurisdiction over a case when there is another action pending between the same parties for the same cause, a trial court must evaluate [1] the identity of the real parties in interest and the degree to which the claims or issues are similar. The trial court is to consider [2] whether the court in which the matter already is pending is *in a position to determine the whole controversy and to settle all the rights of the parties*. Additionally, the court may take into account [3] the occasionally competing objectives of judicial economy, minimizing costs and delay to litigants, obtaining prompt and orderly disposition of each claim or issue, and avoiding potentially inconsistent judgments.

*Id.* (alterations in original) (quoting *Klaue*, 133 Idaho at 440, 988 P.2d at 214).

In this case, the real parties in interest are Ramlow and Mitchell. Despite Ramlow's arguments to the contrary, there is significant overlap between the issues in Ramlow's petition and his motion for modification. Ramlow's petition for a declaration that Mitchell has waived her right to participate in joint decisions related to where the child is to be enrolled in school is related to Ramlow's request for sole decision-making authority with respect to the child's education, health, and general welfare at issue in case no. CV-2016-2923. Ramlow's arguments on appeal go to the merits of his case, not to whether the district court erred in dismissing his petition under Rule 12(b)(8). We agree with the district court that the magistrate court is best positioned to determine the whole controversy and to settle the rights of the parties with respect to the child's schooling. Therefore, we conclude that the district court did not abuse its discretion in dismissing Ramlow's petition. Its decision shows that the court recognized that whether to dismiss the petition was a discretionary decision. The court clarified in its decision on Ramlow's motion for reconsideration that it was applying the second test from *Klaue*, not the first test, because there was no final judgment in the child custody case. The district court explained that it was within its discretion to "dismiss an action where there is 'another action pending between the same parties for the same cause.'" (Quoting I.R.C.P. 12(b)(8).) We hold that the district court correctly perceived its decision as being discretionary, acted within the outer boundaries of its discretion, acted consistently with the legal standards applicable to the specific choices available to it, and reached its decision through an exercise of reason.

Although the district court issued an amended judgment that corrected certain clerical errors, the judgment still indicated the case was dismissed with prejudice. Therefore, we remand this case to the district court to enter an amended judgment dismissing Ramlow's petition *without* prejudice based on the district court's earlier decision on Ramlow's motion for reconsideration.

**B. Mitchell is entitled to attorney fees on appeal under Idaho Code section 12-121.**

Mitchell seeks an award of attorney fees on appeal under Idaho Code section 12-121 on the basis that Ramlow's appeal is "frivolous and without foundation." She notes that Ramlow "has made no argument that new legal standards should apply," and that his arguments contradict "settled law." We agree with Mitchell.

Idaho Code section 12-121 provides for attorney fees on appeal if "the case was brought, pursued or defended frivolously, unreasonably or without foundation." I.C. § 12-121. "An award of attorney fees is appropriate if the law is well-settled and the appellants have made no substantial

7

showing that the district court misapplied the law." *Bowles v. Pro Indiviso, Inc.*, 132 Idaho 371, 377, 973 P.2d 142, 148 (1999) (internal quotation marks omitted) (quoting *Keller v. Rogstad*, 112 Idaho 484, 489, 733 P.2d 705, 710 (1987)). It is also appropriate "if the appeal merely invites the Court to second-guess the findings of the lower court." *Millard v. Talburt*, 173 Idaho 533, 550, 544 P.3d 748, 765 (2024) (quoting *Erickson v. Erickson*, 171 Idaho 352, 371, 521 P.3d 1089, 1108 (2022)).

In this case, Ramlow's appeal mainly asked this Court to second guess a discretionary decision of the district court. Although he presented several arguments related to his parental rights, he failed to articulate how the district court abused its discretion in dismissing his petition with respect to Mitchell. Ramlow withdrew his appeal of the writ of mandamus issue, which was his only claim of error with respect to McBenge and constituted the bulk of his arguments on appeal. Further, Ramlow's argument that the district court erred in dismissing his request for a declaratory judgment that Mitchell waived her rights regarding the child's education is without merit. In an exercise of this Court's discretion, we determine that Mitchell is entitled to an award of attorney fees on appeal under Idaho Code section 12-121.

Mitchell also seeks an award of attorney fees under Idaho Code section 12-107. That section does not provide for an award of attorney fees. However, Mitchell, as the prevailing party on appeal, is entitled to an award of costs on appeal under Idaho Appellate Rule 40.

McBenge did not seek an award of attorney fees on appeal. As a prevailing party, McBenge is entitled to an award of costs on appeal under Idaho Appellate Rule 40.

Ramlow seeks an award of attorney fees on appeal. Ramlow is not entitled to an award of attorney fees on appeal because he is a self-represented litigant. *Curtis v. Campbell*, 105 Idaho 705, 707, 672 P.2d 1035, 1037 (1983); *O'Neil v. Schuckardt*, 112 Idaho 472, 480, 733 P.2d 693, 701 (1986). Even if he were represented by counsel, because he did not prevail on appeal, he would not be entitled to attorney fees.

IV.    CONCLUSION

For the above-stated reasons, the district court's decision dismissing Ramlow's petition is affirmed. The district court's decision denying Ramlow's motion for reconsideration is affirmed. Mitchell is awarded attorney fees on appeal under Idaho Code section 12-121 and costs on appeal under Idaho Appellate Rule 40. McBenge is awarded costs on appeal under Idaho Appellate Rule 40. This case is remanded to the district court for entry of an amended judgment dismissing

Ramlow's petition *without* prejudice to conform to the district court's decision on Ramlow's motion for reconsideration.

Chief Justice BEVAN and Justices BRODY, MOELLER and ZAHN CONCUR.